UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA

- against -

AKMAL NARZIKULOV, FIRDAVS
MAMADALIEV, DALE HARPER,
JOACHIM PIERRE LOUIS, LATOYA
BOURNE, MARIE DANIEL, LUC
DESMANGLES, BEAYAEH KAMARA,
TANAEL DANIEL AND INOCENTE
RENE GONZALEZ MARTINEZ,

     Defendants.
------------------------------------------------------------ x

**MEMORANDUM & ORDER**

13 CR 0601 (RJD)

DEARIE, District Judge:

  Pending before the Court are defendants' motions to dismiss the indictment against them. For the reasons set forth below, the motions to dismiss the indictment are denied.

## BACKGROUND

  To obtain a commercial driver's license ("CDL") in New York, an individual must pass an examination administered by the New York State Department of Motor Vehicles ("DMV"). Defendants are charged with conspiring to cheat on that test, and in so doing, defrauding the DMV of the honest services of its employees. The manner in which the conspiracy is said to have been carried out varies. Defendants Akmal Narzikulov and Firdavs Mamadaliev are charged with providing CDL applicants with a coded pencil containing answers to the audio CDL test. Narzikulov also allegedly devised a scheme with defendants Joachim Pierre Louis, Jose Payano, Luc Desmangles, and Tanael Daniel whereby CDL applicants would leave the DMV office with their uncompleted tests, take the tests to defendant Marie Daniel to be completed, and then return to the DMV with the completed test for submission. On occasion, Louis would personally remove the applicant's test for the DMV and bring it to Marie Daniel.

Defendant Dale Harper is also charged with employing the services of Louis, Marie Daniel, Payano, Desmangles, and Tanael to assist applicants in cheating on written tests. Applicants were able to come and go from the DMV because these defendants allegedly bribed security guards stationed at the DMV. Defendants Latoya Bourne and Beayaeh Kamara, security guards at the DMV office at 11 Greenwich Street in lower Manhattan, purportedly accepted cash bribes in exchange for allowing the cheating to take place on their watch and in some instances facilitating cheating. Similarly, defendant Inocente Rene Gonzales Martinez, a security guard at the DMV office at 159 East 125th Street in Harlem, was also indicted for taking cash bribes in exchange for allowing removal of the exams from DMV testing areas.

Many of the applicants taking CDL exams with the assistance of defendants apparently passed their tests. An applicant who passed a CDL written or audio test was immediately given a temporary CDL learner's permit at the DMV. Approximately a week later, an applicant is mailed a CDL learner's permit. CDL learner's permit holders are permitted to practice driving and may take the CDL road test.

Defendants have been indicted for conspiracy to unlawfully produce identification documents in violation of 18 U.S.C. § 1028(a)(1), and for conspiracy to commit honest services mail fraud in violation of 18 U.S.C. §§ 1341, 1346 and 1349. Marie Daniel and Desmangles have each moved to dismiss the indictment, and Bourne, Gonzales Martinez, and Mamadaliev have joined the motions.

## DISCUSSION

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment need only track the language of the statute charged and state the time and place of the alleged crime. See United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002). As a result, "[a] defendant faces a 'high

standard' in seeking to dismiss an indictment." United States v. Khalil, No. 13-CR-386, 2014 WL 1599943, at *1 (E.D.N.Y. Apr. 21, 2014) (citation omitted). Here, defendants' arguments for the dismissal of the indictment are without merit.

    A.    Honest Services Mail Fraud

Sections 1341 and 1346 of title 18, as relevant here, criminalize the use of the mails for purposes of executing or attempting to execute "a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346 (2010). Such honest services mail fraud encompasses "schemes . . . involving bribes and kickbacks." Skilling v. United States, 561 U.S. 358, 368 (2010). Desmangles argues that an honest services mail fraud charge may only lie against a bribee and not a briber or another participant in the mail fraud conspiracy. Section 1346's reach, though, is not so narrow. "Concert is always necessary to an agreement to take and to give a bribe." United States v. Sager, 49 F.2d 725, 727 (2d Cir. 1931). As a result, the briber is just as culpable as the bribee because they are both part of a scheme to defraud the bribee's employer of the bribee's honest services. Not surprisingly, there is ample precedent for convicting a briber of honest services mail fraud. See, e.g., United States v. Rosen, 716 F.3d 691 (2d Cir. 2013); United State v. Rybicki, 354 F.3d 124 (2d Cir. 2003). There is no reason why co-conspirators or "intermediaries" are not equally culpable. And notably Desmangles has not cited any support for such a limiting principle.

Marie Daniel argues that the mailing of fraudulently-obtained CDL learner's permits is too tangential to the fraud to support the mail fraud conspiracy charge. This argument is also unavailing. It is settled that for the charge of mail fraud, the "gravamen of the office is the scheme to defraud, and any 'mailing that is incident to an essential part of the scheme satisfies the mailing element,' even if the mailing 'contain[s] no false information.'" Bridge v. Phoenix

3

Bond & Indem. Co., 553 U.S. 639, 640 (2008) (quoting Schmuck v. United States, 489 U.S. 705, 712 (2008)). The object of the honest services scheme, as charged, was not simply to corrupt DMV security guards, but to do so in order to obtain fraudulently CDL learner's permits and CDLs. As the Second Circuit has recently observed under similar circumstances, this is sufficient to satisfy the mailing element of the mail fraud statute. See United States v. Ying Wai Phillip Ng, No. 13-CR-4042, 2014 WL 4652768, at *2 (2d Cir. Sept. 19, 2014); cf. United States v. Alkins, 925 F.2d 541, 549 (2d Cir. 1991).

B. Unlawful Production of Identification Documents

Under 18 U.S.C. § 1028(a)(1) it is a crime to "knowingly and without lawful authority produce an identification document, authentication feature, or false identification document." While her brief on this point is not a model of clarity, Marie Daniel appears to argue that section 1028(a)(1) is inapplicable because she and her alleged co-conspirators did not *produce* false CDL learner's permits or CDLs, they only obtained them. But defendants "cannot insulate [themselves] from punishment by manipulating innocent third parties to perform acts on [their] behalf that would be illegal if [they] performed them [themselves]." United States v. Rashwan, 328 F.3d 160, 165 (4th Cir. 2003). Daniel completed CDL tests for others knowing that those exams would be submitted by applicants to obtain learner's permits. Accordingly, Daniel "aided and abetted the production of false identification documents . . . with the specific intent that the agency would then produce a false identification document." Id.; see also United States v. Vanegas, 294 F. App'x 537, 540-41 (11th Cir. 2008). "[I]t does not matter whether the clerk who actually produced the license also had any intent to commit the crime." Rashwan, 328 F.3d at 165 (citing United States v. Ruffin, 613 F.2d 408, 412 (2d Cir. 1979)). Accordingly, the

scheme alleged in the indictment is clearly proscribed by section 1028(a)(1), and is therefore not "void for vagueness."

Accordingly, for the reasons stated above, defendants' motions to dismiss the indictment are DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      November 14, 2014

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge